EUGENE R. MCPHEE, Executive Director, Board of Regents of StateUniversities
You have requested my opinion as to whether the Board of Regents of State Universities may prohibit certain advertisements in campus newspapers. The advertisements in question are in the nature of offering a physician and hospital referral service for abortions.
In my opinion, the Board may not prohibit these advertisements.
In Lee vs. The Board of Regents of State Universities (1969),306 F. Supp. 1097, the District Court, in a declaratory judgment, held that when a state-owned newspaper allowed commercial advertising, the state could not restrict or prohibit editorial advertising. *Page 27 
The advertisements concerning abortions are not only commercial in nature but may also be considered as editorial in nature. This point is made for the federal courts have given some indication that commercial advertisers are not afforded as much protection under the constitution as are those who wish to advance their political, philosophical or social views.
Consequently, it may be constitutionally permissible to prohibit a purely commercial advertisement but under the Lee case, an advertisement which is both commercial and editorial in nature, may not be prohibited.
The fact that the advertisements concern abortions is immaterial, unless the ads clearly assist in obtaining illegal abortions inWisconsin in such a manner as to aid and abet the commission in Wisconsin of a crime. Substantial confusion exists at present as to what kinds of abortions are criminal in Wisconsin, since a three-judge federal court held a part of the state abortion statute invalid [see Babbitz v. McCann
(1970), 310 F. Supp. 293] and enjoined the Milwaukee district attorney from all future prosecutions under that portion of the statute. Pending decision of the appeal from Babbitz, both doctors and prosecutors are uncertain of their rights and liabilities under the abortion statute.
Advertisements for abortion referral services do not appear to violate sec. 151.15, Stats., which bans the advertising of "indecent articles."
One of the advertisements that you have inquired about, while loosely speaking may be considered editorial in nature, does advertise the availability of condoms. In my opinion, this ad violates the provisions of sec. 151.15, Stats., which reads in part as follows:
"(1) As used in this chapter, the term `indecent articles' means any drug, medicine, mixture, preparation, instrument, article or device of whatsoever nature used or intended or represented to be used to procure a miscarriage or prevent pregnancy. *Page 28 
"(2) No person, firm or corporation shall publish, distribute or circulate any circular, card, advertisement or notice of any kind offering or advertising any indecent article for sale, nor shall exhibit or display any indecent article to the public."
The law does not, however, favor censorship. When questionable ads of this character are presented to the paper for publication, it is my suggestion that the opinion of the local district attorney be obtained as to whether prosecution would result if published. If an affirmative answer is given, the editors may decline publication on the ground that they would be subject to possible criminal liability.
It should be called to your attention that both the Lee case and theBabbitz case have been appealed to higher courts. This opinion may possibly be subject to change depending on the results of these appeals. You will be notified if there is any change in the law resulting from the appeals.
RWW:CAB